# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SETH JOSEPH REYES,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY.<br><br>    Defendant. | Case No.  1:16-cv-00013-SAB<br><br>ORDER REQURING PLAINTIFF TO SUBMIT PETITION FOR APPOINTMENT OF GUARDIAN AD LITEM<br><br>ORDER REQUIRING PLAINTIFF TO PAY FILING FEE OR SUBMIT IFP APPLICATION |

Plaintiff seeks judicial review of the administrative decision denying his claim for Social Security benefits.  However, it is clear from a review of the record that Plaintiff is a minor who is not represented by a guardian ad litem.

The capacity of a litigant is determined "by the law of the state where the court is located." Fed R. Civ. P. 17(b).  Under California law, a minor "shall appear either by a guardian or conservator of the estate or by a guardian ad litem appointed by the court in which the action or proceeding is pending, or by the judge in each case."  Cal. Code of Civ. P. § 372.  Consequently, a minor cannot maintain an action on his own.  However, a minor may appear as a litigant if represented by a guardian ad litem.  See Fed. R. Civ. P. 17(c).  The Local Rules instruct:

> Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person

1

> shall present (1) appropriate evidence of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or, (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person. See Fed. R. Civ. P. 17(c).

Local Rule 202(a).

Here, Plaintiff's counsel has not provided evidence that Plaintiff has a representative, and no motion has been filed with the court for the appointment of a guardian ad litem. Plaintiff must submit a motion for appointment of a guardian ad litem for Plaintiff within fourteen days of the service of this order.

The Court notes that Plaintiff's mother, Brittney Reyes, submitted an application to proceed in forma pauperis on January 4, 2016. The Court may authorize the commencement of an action without prepayment of fees for "a person who submits an affidavit that includes a statement of all assets such person . . . possesses [and] that the person is unable to pay such fees or give security thereof." 28 U.S.C. § 1915(a). "Under 28 U.S.C. § 1915(a) where leave to proceed [i]n forma pauperis is sought to vindicate the alleged substantive rights of a minor, the financial resources of both the minor and the volunteer parent, next friend, or guardian ad litem should be considered in determining ability to pay the costs of litigation." Williams v. Spencer, 455 F.Supp. 205, 209 (D. Md. 1978).

At this time, the Court is unable to determine whether the requirements of 28 U.S.C. § 1915(a) are satisfied in this case, because a guardian ad litem has not been appointed for Plaintiff yet. Once a guardian ad litem is appointed for Plaintiff, the guardian ad litem must either pay the filing fee or submit an application to proceed in forma pauperis with adequate financial information to determine the ability to pay the costs of litigation. The application to proceed in forma pauperis should state all assets such person possesses. See 28 U.S.C. § 1915(a).

The Court notes that the application to proceed in forma pauperis submitted by Brittney Reyes on January 4, 2016, lists the only source of income as "other" and states "SSI for my son has Duchenne Muscular Dystrophy." Brittney Reyes does not state the amount of money she receives in SSI for her son or how often she receives it. Brittney Reyes also does not state the

value of the Chrysler Town and Country van that she states she owns.  An in forma pauperis application must state sufficient information for the Court to determine the ability to pay the costs of litigation.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff is DIRECTED to file a motion for appointment of a guardian ad litem within **fourteen (14)** days of the date of service of this order; and
2. The proposed guardian ad litem is DIRECTED to pay the $400 filing fee for this action or file an application to proceed in forma pauperis within **fourteen (14)** days of the date of service of this order.

IT IS SO ORDERED.

Dated:   **January 7, 2016**

UNITED STATES MAGISTRATE JUDGE